IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01295-GPG-KAS

GREGORY BURKE,

    Plaintiff,

v.

KINGSTON MIKHAIL LINDNER,
JONATHAN LINDNER, and
KAREN LINDNER,

    Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____
**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Plaintiff's **Motion to Amend the Complaint to Add Punitive Damages for the Violation [of] CRS 42-4-239 – Texting and Driving – Colorado Law-Resulting in Plaintiff's Serious Injuries** [#54] (the "Motion"). Plaintiff proceeds in this matter pro se.[1] Defendants filed a Response [#56] in opposition to the Motion [#54], and Plaintiff filed a Reply [#57]. The Court has reviewed the briefs, the entire case file, and the applicable law. For the following reasons, the Court **RECOMMENDS** that the Motion [#54] be **DENIED**.

---

[1] Ordinarily, the Court must liberally construe a pro se litigant's filings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Here, however, Plaintiff is a disbarred California attorney, so he is not entitled to liberal construction. *See Matter of Burke*, 5 Cal. State Bar Ct. Rptr. 448, 462-63 (Review Dept. 2016) (recommending disbarment); Attorney Profile, THE STATE BAR OF CALIFORNIA, https://apps.calbar.ca.gov/attorney/Licensee/Detail/188891 (last accessed July 25, 2024) ("License Status: Disbarred", with listed address matching Plaintiff's address). In this Circuit, trained attorneys—even disbarred ones—are given no special license when proceeding pro se. *See McNamara v. Brauchler*, 570 F. App'x 741, 743 n.2 (10th Cir. 2014) (finding "no reason to hold [a disbarred attorney] to a less stringent standard than other legally trained individuals."); *Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007).

## I. Background

This matter arises from a motor vehicle accident that occurred in Boulder, Colorado, on October 16, 2021. *See Compl.* [#1], ¶¶ 3.1-3.2. Plaintiff alleges that "Defendant Kingston Lindner was looking at his cell phone and texting when he slammed into the rear of Plaintiffs' vehicle at over 40 MPH." *Id.*, ¶ 3.2. Plaintiff alleges that he suffered serious injury from the rear-end collision. *Id.*, ¶¶ 3.2, 7.2.

Plaintiff and his daughter, Alexis Burke, initially sued Defendant Kingston Lindner (the driver); Defendants Jonathan and Karen Lindner (the owners of the vehicle Defendant Kingston Lindner was driving); GEICO General Insurance Company; and Government Employees Insurance Company. *Id.* at 1.[2] Plaintiff's claims include: negligence *per se* against Defendant Kingston Lindner; negligent entrustment of a motor vehicle against Defendants Jonathan and Karen Lindner; "general damages" against all Defendants; and punitive damages against Defendant Kingston Lindner. *Id.*, ¶¶ 4.1-4.5; 5.1-5.5; 7.1-7.2; 8.1-8.2.

Plaintiff now seeks to amend his Complaint [#1] to allege punitive or exemplary damages based on Defendant Kingston Lindner allegedly texting while driving, in violation of Colo. Rev. Stat. § 42-4-239. *See Motion* [#54] at 2-4. Defendants argue that Plaintiff has failed to establish prima facie proof of a triable issue on exemplary damages. *Response* [#56] at 2-4.

---

[2] However, Alexis Burke has been voluntarily dismissed as a plaintiff and GEICO General Insurance Company and Government Employees Insurance Company were dismissed as defendants. *See* [#21] (termination of Alexis Burke pursuant to Notice of Voluntary Dismissal [#20]); *Order* [#43] (dismissal of GEICO General Insurance Company and Government Employees Insurance Company pursuant to Stipulation of Dismissal [#42]). The case caption reflects the remaining parties.

2

## II. Standard of Review

### A.    Applicable Law

Because the parties' briefing assumes that Colorado law applies, the Court will proceed under the same assumption. *Grynberg v. Total S.A.*, 538 F.3d 1336, 1346 (10th Cir. 2008) (citing *St. Anthony Hosp. v. U.S. Dep't of Health & Hum. Servs.*, 309 F.3d 680, 703 (10th Cir. 2002)).

At the outset, the Court notes that "[t]he Tenth Circuit has not addressed whether [Colo. Rev. Stat.] § 13-21-102(1.5)(a), which is procedural in nature, is applicable to a motion to amend in a federal diversity case applying Colorado law, or whether the inquiry is governed, solely, by Rule 15(a)." *Argo v. State Farm Mut. Auto Ins. Co.*, No. 18-cv-02059-RM-KMT, 2019 WL 4192110, at *2 n.3 (D. Colo. Sept. 4, 2019). However, because other courts in this District have applied the Colorado statute and no party in this case disputes its applicability, the Court will apply Colo. Rev. Stat. § 13-21-102(1.5)(a). *Id.*; *see also, e.g.*, *Espinoza v. Am. Family Mut. Ins. Co.*, No. 08-cv-00709-REB-MEH, 2008 WL 4059851, at *2 (D. Colo. Aug. 29, 2008); *Am. Econ. Ins. Co. v. William Schoolcraft, M.D.*, No. 05-cv-01870-LTB-BNB, 2007 WL 160951, at *1-*2 (D. Colo. Jan. 17, 2007).

### B.    Exemplary/Punitive Damages[3]

Under Colorado law, exemplary damages are available only by statute. *Gruntmeir v. Mayrath Indus., Inc.*, 841 F.2d 1037, 1040 (10th Cir. 1988) (citing *Kaitz v. Dist. Court*, 650 P.2d 553 (Colo. 1982)). Colo. Rev. Stat. § 13-21-102(1)(a) allows the jury to award

---

[3] Colorado courts use the terms "punitive damages" and "exemplary damages" interchangeably. *See RCHFU, LLC v. Marriott Vacations Worldwide Corp.*, 445 F. Supp. 3d 1327, 1340 n.7 (D. Colo. 2020) ("'Punitive damages' and 'exemplary damages' have the same meaning.") (citing *White v. Hansen*, 837 P.2d 1229, 1231 n.1 (Colo. 1992) (noting that "exemplary damages" and "punitive damages" have the same meaning in common usage).

3

"reasonable exemplary damages" in any civil action "in which damages are assessed by a jury for a wrong done to the person . . . and the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct[.]" However, "[a] claim for exemplary damages in an action governed by this section may not be included in any initial claim for relief. A claim for exemplary damages . . . may be allowed by amendment to the pleadings only after the exchange of initial disclosures . . . and the plaintiff establishes prima facie proof of a triable issue." Colo. Rev. Stat. § 13-21-102(1.5)(a). "The existence of a triable issue on punitive damages may be established through discovery, by evidentiary means, or by an offer of proof." *Leidholt v. Dist. Court*, 619 P.2d 768, 771 (Colo. 1980). The submitted evidence must establish "a reasonable likelihood that the issue will ultimately be submitted to the jury for resolution." *Stamp v. Vail Corp.*, 172 P.3d 437, 449 (Colo. 2007) (quoting *Leidholt*, 619 P.2d at 771 n.3). "Prima facie evidence is evidence that, unless rebutted, is sufficient to establish a fact." *Id.* (citation omitted).

"Willful and wanton conduct" is conduct which "an actor realizes is highly hazardous and poses a strong probability of injury to another but nevertheless knowingly and voluntarily chooses to engage in." *Lahey v. Covington*, 964 F. Supp. 1440, 1446 (D. Colo. 1996) (citing *Steeves v. Smiley*, 354 P.2d 1011, 1013-14 (Colo. 1960); *Hodges v. Ladd*, 352 P.2d 660, 663 (Colo. 1960)). However, "mere negligence cannot support an award of exemplary damages[.]" *Jacobs v. Commonwealth Highland Theatres, Inc.*, 738 P.2d 6, 10 (Colo. App. 1986) (citing *Tri-Aspen Constr. Co. v. Johnson*, 714 P.2d 484 (Colo. 1986)).

4

### III. Analysis

Plaintiff argues that texting while driving poses such significant risks that it is akin to driving under the influence of alcohol and should be considered willful and wanton conduct warranting exemplary damages. *See generally Motion* [#54] at 2-4; *Reply* [#57] ("Defendant Kingston Lindner was texting and driving. . . . It is no different that [sic] driving while intoxicated and punitive damages are allowed in such an instance."). Defendants argue that Plaintiff has offered "zero proof and nearly zero evidence to support his argument," and that the only information offered in support of Plaintiff's motion is a "self-serving statement, by [P]laintiff himself, that [D]efendant allegedly admitted to 'looking at his phone' prior to the motor vehicle accident." *Response* [#56] at 3. Defendants also argue that the Motion [#54] "clearly does not meet the standard and does not show 'circumstances of fraud, malice, or willful and wanton conduct' as required by Colorado law." *Id.* at 3-4.[4] Finally, in his Reply [#57], Plaintiff asserts that "uncontradicted evidence proves Defendant Kingston was texting while driving in violation of CRS 42-4-239" and that "the severity of the impact – totaling both cars – confirms that Defendant Kingston Lindner was knowingly and willfully texting while driving." *Reply* [#57] at 5, 3.

For purposes of the Motion [#54]—despite no citation to any portion of the record, police report, or other document, and even though this particular allegation is found nowhere in the Complaint [#1]—the Court will accept as true Plaintiff's assertion that Defendant Kingston "admitted at the scene that he was looking at his phone." *Motion*

---

[4] Defendants also argue that the proposed amendment was premature because initial disclosures had not yet been exchanged. *See Response* [#56] at 2. Plaintiff admits that he filed the Motion [#54] before formally serving his Rule 26 disclosures but argues that he had already disclosed substantially the same information to Defendants. *See Reply* [#57] at 2. The Court declines to decide whether Plaintiff substantially complied with his disclosure obligations before filing the Motion [#54] because it recommends denying amendment on other grounds.

5

[#54] at 2; *but see generally* Compl. [#1] (no allegation that Defendant Kingston Lindner admitted to looking at his phone). Even so, for two separate reasons, the Court finds that Plaintiff has failed to "establish[] prima facie proof of a triable issue" on exemplary damages. Colo. Rev. Stat. § 13-21-102(1.5)(a).

First, even if Defendant Kingston Lindner admitted to looking at his phone before the collision, that does not necessarily mean that he was texting while driving or that he violated Colo. Rev. Stat. § 42-4-239. The Court considers the statutory text. "Use" of a phone is defined as "talking on or listening to a wireless telephone or engaging the wireless telephone for text messaging or other similar forms of manual data entry or transmission." Colo. Rev. Stat. § 42-4-239(1)(c). The statute prohibits "[a] person under eighteen years of age" from "us[ing] a wireless phone while operating a motor vehicle" but this prohibition "does not apply to acts specified in subsection (3) of this section." Colo. Rev. Stat. § 42-4-239(2). Subsection (3) prohibits any person, regardless of age, from "us[ing] a wireless telephone for the purpose of engaging in text messaging or other similar forms of manual data entry or transmission while operating a motor vehicle." Colo. Rev. Stat. § 42-4-239(3). Neither subsection prohibits looking at one's phone. To the extent that Plaintiff's claim for exemplary damages is predicated on a violation of Colo. Rev. Stat. § 42-4-239, Plaintiff has not pointed to any evidence that Defendant Kingston Lindner violated that statute. Amendment to seek exemplary damages based on the violation of a public safety statute must, at minimum, require prima facie evidence that the statute was violated.

Second, even assuming Defendant Kingston Lindner violated Colo. Rev. Stat. § 42-4-239, Plaintiff has not shown prima facie evidence that Defendant Kingston Lindner

6

engaged in willful or wanton conduct. Colo. Rev. Stat. § 13-21-102(1)(a). Plaintiff repeatedly emphasizes the severity of the impact and his injuries, but that has nothing to do with Defendant Kingston Lindner's intent, knowledge, or other state of mind. *See, e.g.*, *Reply* [#57] at 3, 12-36 (photos and a repair estimate detailing the vehicle damage). Plaintiff offers no evidence that Defendant Kingston Lindner realized his conduct was highly hazardous and posed a strong probability of injury and that he nevertheless chose to engage in it anyway. *Lahey*, 964 F. Supp. at 1446 (defining "willful and wanton conduct"); *see also Stamp*, 172 P.3d at 449 (defining "prima facie evidence"). For example, Plaintiff does not point to a history of similar texting or looking at the phone while driving or careless driving resulting in injury. As far as Plaintiff is concerned, Defendant Kingston Lindner's alleged conduct speaks for itself.

Simply put, Plaintiff seeks to allege a claim for exemplary damages based *solely* on his allegation that Defendant Kingston Lindner was texting while driving, in violation of Colo. Rev. Stat. § 42-4-239. *See, e.g.*, *Reply* [#57] at 5 (arguing that Plaintiff has met his burden of proof because "the uncontradicted evidence proves Defendant Kingston was texting while driving in violation of CRS 42-4-239"). He even titled his Motion [#54] to that effect. *See Motion* [#54] at 1 (titled "Motion to Amend the Complaint to Add Punitive Damages for the Violation [of] CRS 42-4-239"). There are no allegations about Defendant Kingston Lindner's intent and no alleged aggravating circumstances—Plaintiff alleges a run-of-the-mill violation of the texting while driving statute, albeit one that purportedly caused significant property damage and severe personal injury. *See generally Motion* [#54]; *Reply* [#57]. Yet the law already has a term for an ordinary violation of a public safety statute that causes injury: negligence *per se*. *See, e.g.*, *Bittle v. Brunetti*, 750 P.2d

7

49, 55 (Colo. 1988) (stating that "to establish negligence *per se*, the plaintiff must show that he is a member of the class which the statute or ordinance was intended to protect and that his injuries are of the type it was enacted to prevent."). Negligence *per se* allows a defendant's violation of a statute to establish negligence—i.e., "the existence of the defendant's breach of a legally cognizable duty owed to the plaintiff." *Largo Corp. v. Crespin*, 727 P.2d 1098, 1107 (Colo. 1986), *superseded on other grounds by statute as recognized in Build It and They Will Drink, Inc. v. Strauch*, 253 P.3d 302, 306-07 (Colo. 2011).

If Colo. Rev. Stat. § 13-21-102 allowed plaintiffs to allege exemplary damages based merely on an alleged statutory violation with no additional evidence or aggravating factors, plaintiffs would be able to allege exemplary damages in every single negligence *per se* claim. Yet Colorado courts have clearly stated that mere negligence (even negligence *per se*) cannot support an award of punitive damages. *Jacobs*, 738 P.2d at 10; *Tri-Aspen Constr. Co.*, 714 P.2d at 488. Here, negligence *per se* is all that Plaintiff offers.

Because the Court finds that Plaintiff has failed to satisfy the requirements to allege exemplary damages under Colo. Rev. Stat. § 13-21-102(1.5)(a), it **recommends** that the Motion [#54] be **denied**.

## IV. Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that Plaintiff's Motion to Amend the Complaint to Add Punitive Damages for the Violation CRS 42-4-239 – Texting and Driving – Colorado Law – Resulting in Serious Injuries [#54] be **DENIED**.

IT IS FURTHER **ORDERED** that any party may file objections **within 14 days** of service of this Recommendation. In relevant part, Fed. R. Civ. P. 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated: August 3, 2024                    BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge